FERNANDO VÉLEZ, Plaintiff and Appellant, *v.* ARSENIO MARTÍNEZ ET AL., Defendants and Appellees.

No. 5481.—Argued May 28, 1931.—Decided May 31, 1932.

*José Sabater* for appellant. *J. Henri Brown, C. Ruiz Nazario,* and *G. E. González* for appellees.

Mr. Justice Aldrey delivered the opinion of the Court.

In 1925, Fernando Vélez brought suit against Arsenio Martínez and the corporation Independent Indemnity Co. to recover on a claim for injuries sustained by him while driving, as chauffeur, the automobile of the defendant Martínez when going from Mayagüez to San Juan where the owner thereof was.

The complaint did not allege any act, omission, or negligence on the part of the defendant Arsenio Martínez as causing the injuries for which plaintiff sought compensation. The cause of action against the insurance company was based on the following clause of the contract whereby the defendant Martínez had insured his automobile:

"In consideration of the additional charge included in the total premium collected, it is understood that this policy, subject to its clauses, conditions, and declarations, is amplified from this date so as to cover any loss by reason of the liability imposed by the statute upon the insured for damages as a result of physical injuries (including death at any time as a result of such injuries) accidentally sustained during the period of this policy by any employee or employees of the insured, as a result of the possession, maintenance, or use of any of the automobiles listed and described in the bill of conditions, excluding, however, employees protected by the Workmen's Compensation Act of Puerto Rico."

The defendants interposed independent demurrers to the second amended complaint on the ground that the same did not allege facts sufficient to constitute a cause of action, and both demurrers were sustained by the district court. Subsequently, on motion of the plaintiff, that court rendered final judgment and dismissed the complaint as to both defendants. The plaintiff thereupon took an appeal to this Supreme Court from said judgment, which was affirmed by us on June 4, 1926. *Vélez* v. *Martínez et al.*, 35 P.R.R. 506. The judgment of the district court, as well as our own judgment, was based on the fact that the complaint failed to allege any act, omission, or negligence on the part of the owner of the automobile, and that there was no contractual relation between

the plaintiff and the corporation Independent Indemnity Company, inasmuch as the quoted clause gave the plaintiff no right of action either against the insurer or the employer; that the contract of the company was to cover any liability of the owner of the car, and that the company was only bound to compensate the owner of the car for an obligation he owed to an employee.

Six days prior to the entry of our judgment on said appeal, that is, on May 29, 1926, Fernando Vélez filed another complaint in the same district court but against Arsenio Martínez only, also to recover damages for the aforesaid injuries; and as a result of a motion to strike out which was sustained by the district court the plaintiff amended his complaint against Arsenio Martínez on April 27, 1929. In that amended complaint he confined himself to a recital of the occurrence, in which he sustained the injuries for which he seeks compensation, without charging against the defendant Martínez any act, omission, or negligence of any kind. Several months afterwards, on October 31, 1929, the plaintiff asked leave to file an amended complaint which he exhibited with his petition. Said amended complaint is directed against Arsenio Martínez and includes the Independent Indemnity Company as a party defendant, it being similar to the one filed by the plaintiff against the same defendants in the other suit which we decided on appeal. The defendant Martínez objected to the filing of said amended complaint, whereupon the court refused to grant the leave requested by the plaintiff and, on his motion, rendered final judgment dismissing the complaint. From that judgment the present appeal has been taken.

The appellant attacks as erroneous the two grounds on which the lower court refused to admit the amended complaint, namely: In holding that the amended complaint is not authorized by section 175 of the Insurance Act, as amended by Act No. 19 of April 5, 1929 (Sess. Laws, p. 160), and in holding that any action that the plaintiff might have had

against the Independent Indemnity Company is barred in accordance with the law.

Act No. 19 of 1929, which amended the Insurance Act, in its pertinent part reads as follows:

". . . When the person causing the damage is insured against the accident which caused the loss or damage, and in the case where the insurance policy was issued in favor of a third person, the action to claim such indemnity as may be proper may be presented jointly against the insured person and the insuring company."

The insurance company bound itself to compensate any loss by reason of the liability imposed by the statute upon the insured for damages resulting from physical injuries sustained by any employee of the insured, in consequence of the possession, maintenance, or use of the automobile, but it did not undertake to indemnify the employee where the owner of the vehicle is not legally responsible for such injuries; and as the complaint does not allege any act, omission, or negligence on the part of said owner which would give rise to any liability imposed by law, it is clear that no cause of action exists against either of the defendants; the Act of April 15, 1929, did not grant nor could grant a right of action to a claimant who originally had none. The complaint did not bind itself to pay any loss resulting from injuries to an employee of the insured, as the appellant claims, but only such as resulted from those injuries causing damages for which the insured would be liable under the law. What the statute provides is that where a third person not a party to the insurance contract, has a right of action for damages, he may file the complaint, jointly against the insured and the insurer company, but as in the instant case the insurer bound itself to indemnify only where the insured was liable, the plaintiff had no cause of action against the company, and therefore he is not protected by said amendment to the Insurance Act.

The lower court also gave as a further ground for its decision, in which the judgment appealed from originated, that the action exercised against the Independent Indemnity

Company had prescribed, and this has given rise to the second assignment of error, which we will not consider in view of the conclusion we have reached in regard to the first assignment, and because the defense of prescription being subject to waiver, such defense has not been pleaded by the insurance company whom it benefited.

The judgment appealed from should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.